IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OMARI FOSTER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-13-1395 |
| HOWARD COMMUNITY COLLEGE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The Plaintiff Omari Foster ("Plaintiff"), proceeding *pro se*, has brought this action against Defendant Howard Community College ("Defendant") for violations of "education & discrimination laws," arising from some "disciplinary action," as well as conspiracy. Pending before this Court is Defendant Howard Community College's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 7). Also pending is Plaintiff Omari Foster's Motion for Entry of Default (ECF No. 12). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Howard Community College's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Motion for Entry of Default Judgment (ECF No. 12) is DENIED.

### BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the

1

plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff brought this action by way of a two (2) sentence Complaint against Defendant on May 10, 2013 (ECF No. 1). Specifically, the Complaint states that:

> Individuals from the Community College (Howard Community College) have violated education & discrimination laws 42 USC SEC 2000d-7 CHAP 21 SUB V by imposing an unwarranted disciplinary action without a judges order. 20 USC SEC 1234 STATUTE A3, G2 – 20 USC SEC 1234e A1, C1, C2, D, E2. And have also intimidated and informed other individuals in the education field and government offices to conspire against me in my aggrieved state of non-readmittance and restitution in this situations. 18 USC SEC 1513 STATUTE b 2E, 2F[;] 18 USC SEC 3663 B(i) I II[;] 42 USC SEC 2000d-7 CHAP 21 SUB V

Pl.'s Compl. at 2 (ECF No. 1). In response, Defendant Howard Community College filed its' Motion to Dismiss (ECF No. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Subsequently, Plaintiff filed a Motion for Default Judgment (ECF No. 12). Both motions have been fully briefed.

STANDARD OF REVIEW

I.  **Motion to Dismiss Pursuant to Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the

2

allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dep't of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic

4

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a "plausible claim for relief." *Iqbal*, 556 U.S. at 664, 679.

## ANALYSIS

### I. Motion to Dismiss Pursuant to Rule 12(b)(1)

In the instant case, Defendant first challenges Plaintiff's Complaint under Rule 12(b)(1), contending that Plaintiff's allegations are insufficient to establish the jurisdiction of this Court. As such, Defendant's Motion raises a 12(b)(1) facial challenge, and this Court will determine whether the allegations in the Complaint, when taken as true, are sufficient to establish jurisdiction under the plausibility standard of Rule 12(b)(6) and *Iqbal/Twombly*. *See Davis*, 367 F. Supp. 2d at 799; *Zander v. U.S.*, 786 F. Supp. 2d 880, 883 (D. Md. 2011) (applying the *Iqbal/Twombly* standard to a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)); *see also Kerns*, 585 F.3d at 192. Pursuant to 28 U.S.C. §§ 1331 and 1332, United States District Courts have original jurisdiction over all civil actions involving a federal question, or where there is a diversity of citizenship with a

sufficient amount in controversy. Here, jurisdiction is premised on federal question. *See* Pl.'s Compl. at 1 (ECF No. 1).[1]

The subject Complaint asserts nothing more than unsupported legal conclusions. Indeed, after careful review of Plaintiff's filings, this Court is unable to find anything but conclusory assertions, unsupported by any cognizable facts whatsoever. There is simply no set of facts in the Plaintiff's two-sentence Complaint supporting his legal conclusions. The vague statements that Defendant has violated certain education and discrimination laws "by imposing an unwarranted disciplinary action without a judge[']s order," and has conspired against him, with nothing further, do not withstand the plausibility standard. *See Washington v. First Home Mortg.*, PJM-12-cv-2784, 2013 WL 6246905 (D. Md. Nov. 14, 2013) (granting 12(b)(1) motion to dismiss against *pro se* litigant for failure to meet plausibility standard). There is simply no cognizable federal cause of action contained in the Complaint. Therefore, Plaintiff has not sufficiently shown that this Court has jurisdiction in this matter and Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No. 7) is GRANTED.

It is worth noting that Defendant has also pointed out that the statutes referenced by Plaintiff are inapplicable to the allegations contained in the Complaint. With regards to the "violations of education & discrimination laws," Plaintiff cites to "42 USC SEC 2000d-7 CHAP 21 SUB V," Pl.'s Compl. (ECF No. 1), which he later writes as "title 42usc sec. 2000d to 2000d-7 chap21 sub v." Pl.'s Resp. in Opp'n to Mot. to Dismiss (ECF No. 10).[2] However,

---

[1] It should be noted that, while Plaintiff bases jurisdiction on federal question, this Court would be unable to determine whether diversity of citizenship existed as the Complaint lists "Omari B. Foster" as his "County of Residence." Pl.'s Civil Cover Sheet (ECF No. 1-1). Regardless of how Plaintiff premised jurisdiction, however, the Complaint fails to withstand a Rule 12(b)(1) or (b)(6) analysis.

[2] While Defendant is correct that Plaintiff cannot bring suit under 42 U.S.C. § 2000d-7 ("A State shall not be immune under the Eleventh Amendment of the Constitution . . ."), based on the Plaintiff's Response in Opposition

there is no support, whatsoever, suggesting that Defendant discriminated against the Plaintiff on the basis of race, color, or national origin. Nor has Plaintiff alleged membership in a protected class.

Next, the Complaint cites to "20 USC SEC 1234 STATUTE A3, G2' and "20 USC SEC 1234e A1, C1, C2, D, E2" with respect to his claim that Defendant "impos[ed] an unwarranted disciplinary action without a judge[']s order." Pl.'s Compl. (ECF No. 1).[3] These statutory references are wholly inapplicable as (1) they refer to the duties and enforcement authority of Administrative Law Judges within the U.S. Department of Education and (2) do not provide an independent cause of action. Lastly, the Complaint cites to "18 USC SEC 1513 STATUTE b 2E, 2F [;] 18 USC SEC 3663 B(i) I II [;] [and] 42 SEC 2000d-7 CHAP 21 SUB V" in regards to the conspiracy claim. Pl.'s Compl. (ECF No. 1).[4] The first two are criminal statutes—concerning witness retaliation and orders of restitution—inapplicable to a civil proceeding. The latter, applies to Eleventh Amendment immunity and does not provide an independent cause of action for the Plaintiff.[5]

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Alternatively, even if this Court had jurisdiction, Defendant argues that Plaintiff's Complaint does not state a claim upon which relief may be granted. As explained above,

---

to Defendant's Motion to Dismiss, this Court notes that Plaintiff appears to have intended to bring suit under 42 U.S.C. § 2000d ("No person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program . . . receiving Federal financial assistance."). However, Plaintiff has failed to provide any factual content supporting this allegation.

[3] 20 U.S.C. § 1234(a)(3) provides that "the Department of Education [] Office of Administrative law Judges . . . shall conduct . . . cease and desist hearings pursuant to section 1234e." § 1234(e) deals with the requirements of the cease and desist orders.

[4] 18 U.S.C. § 1513 punishes individuals whom "kill or attempt to kill another person with intent to retaliate against any person" for acting as a witness or informant. 18 U.S.C. § 3663 deals with the court's authority, during sentencing, to "order . . . that the [criminal] defendant make restitution . . . ."

[5] As explained previously, if Plaintiff meant "42 U.S.C. § 2000d," the result is still the same—there are no factual allegations to support the legal conclusions in the Complaint.

7

under the plausibility standard, a complaint must contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Here, Plaintiff's Complaint essentially states that laws have been violated and provided a list of statutes. As explained above, the referenced statutes (with the possible exception of 42 U.S.C. § 2000d) are wholly irrelevant to the case at hand. Moreover, the Complaint lacks any factual allegations plausibly explaining how any of these laws were violated and how Defendant is responsible. Therefore, this Court is unable to draw a reasonable inference that the Defendant is liable. As such, even if this Court had jurisdiction over this matter, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) (ECF No. 7) is GRANTED.

### III. Motion for Entry of Default

Also pending before this Court is Plaintiff's Motion for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) (ECF No. 12). Under Rule 55, default judgment is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. PRO. 55(a). Because Defendant filed its Motion to Dismiss, the period for responsive pleading was tolled pending resolution of the Motion. FED. R. CIV. PRO. 12(a)(4). Thus, this Court finds that Plaintiff's claim is wholly without merit as Defendant has complied with the deadlines stipulated by the Rules. As such, Plaintiff's Motion of Default (ECF No. 12) is hereby DENIED.

CONCLUSION

For the reasons stated above, Defendant Howard Community College's Motion to Dismiss (ECF No. 7) is GRANTED. Moreover, Plaintiff's Motion for Default (ECF No. 12) is DENIED.

A separate Order follows.

Dated: February 24, 2014 _____/s/_____
Richard D. Bennett
United States District Judge